ACCEPTED
01-15-00530-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
6/12/2015 3:54:12 PM
CHRISTOPHER PRINE
CLERK

### NO. 01-15-00530-CV

**IN THE COURT OF APPEALS**

**FOR THE FIRST DISTRICT OF TEXAS**

**HOUSTON, TEXAS**

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
6/12/2015 3:54:12 PM
CHRISTOPHER A. PRINE
Clerk

## *In re*

# SUNSET NURSING HOME, INC.,

*Relator*

The Honorable Pat Sebesta,
Brazoria County Judge, Respondent

## AFFIDAVIT OF FELICIA HARRIS

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF HARRIS | § |

BEFORE ME, the undersigned notary public, on this day personally appeared Felicia Harris, who being by me duly sworn, deposed and stated:

1. "My name is Felicia Harris. I am over the age of twenty-one (21) years and of sound mind. I have never been convicted of a felony or a crime involving moral turpitude and I am fully qualified and competent in all respects to make this affidavit. I am a partner in the law firm of Burleson LLP which represents Sunset Nursing Home, Inc., in the above captioned litigation.

2. I have personal knowledge of the facts stated herein; they are true and correct. I am the attorney-in-charge for Sunset Nursing Home, Inc. ("Sunset") in the above referenced matter.

3. In 2013, I conferred with opposing counsel (law firm of Griffin & Matthews) for Rebecca Ann, Inc.; Plantation Health Care Center, Inc.; Donald Grether and Paul Heinig (collectively "RAI") regarding a docket control order in

Cause No. 72817, pending before the Honorable Pat Sebesta, in Brazoria County, Texas.

4.  At a hearing on or about August 27, 2014, the Trial Court verbally granted a continuance of the October 2014 trial date; and, in response to Sunset's written and verbal requests for confirmation that all DCO deadlines were lifted, stated that all such deadlines were lifted. The Trial Court told the parties to confer regarding deadlines for an Amended DCO, and asked to receive an update by September 2, 2014.

5.  The evidence in this case reveals RAI retained the law firm of Jackson Walker after Sunset filed its first motion to compel on Friday, March 14, 2014 in Cause No. 72817. That motion was set for hearing in March 2014. RAI produced a retention agreement with Jackson Walker, dated March 18, 2014 (*see* Tab 102 below). The retention agreement was addressed to Donald Grether, Paul A. Heinig, and Rebecca Ann, Inc., "c/o Stephen Coleman" at Mr. Coleman's address, 129 Country Road 51, Rosharon, Texas. Thereafter, RAI requested the Trial Court to postpone the March hearing on that motion and the scheduled deposition of RAI's corporate representative. The hearing was rescheduled to April 2, 2014 and the deposition postponed.

6.  In May 2014, the Court heard arguments on another motion to compel filed by Sunset. In that motion, among other things, Sunset sought production of RAI's policies and procedures for the Clute and Lake Jackson facilities. The Court, *sua sponte*, ordered RAI to produce the policies and procedures for *in camera* review. Sunset has filed two motions requesting the Court to reconsider its ruling regarding the policies and procedure documents. (*See* Tabs 85 and 105, below.)

7.  At a hearing in January 2015, the Trial Court *sua sponte* ordered RAI to produce for *in camera* inspection documents from a 2010 appraisal of the Clute and Lake Jackson facilities that were the subject of a motion to compel filed by Sunset. *See also* Tab 104 below.

8.  At a hearing in February 2015, the Trial Court heard arguments on Sunset's motion to compel and Country Village Care, Inc.'s ("CVC") (a Grether-owned nursing facility located in Angleton, Texas) motion for protection concerning a subpoena for documents that Sunset served on third-party MDS Research ("MDS"). At that hearing, the Court *sua sponte* ordered MDS to turn over all responsive documents to CVC's counsel (who is also RAI's counsel) and for him to submit MDS' documents to the Trial Court for *in*

2

*camera* inspection. At the March 2015 hearing, Sunset requested the Court reconsider that ruling. The request was denied. *See* Tab 39 below.

9. Sunset has been informed that, at present, the Trial Court maintains possession of three groups of documents Sunset has sought in discovery, which were the subject of motions to compel, and *sua sponte* ordered for *in camera* review by the Court. No claim of privilege has been asserted by any party over any of the groups of documents. Those three groups of documents are: the MDS documents (¶8 above), the policies and procedures that were in use at the Clute and Lake Jackson facilities under RAI (¶6 above), and the 2010 appraisal documents (¶7 above).

10. In the days immediately preceding the filing of the petition for writ of mandamus, in response to a request as to the status of the *in camera* reviews on the appraisal and MDS documents, the Court Coordinator notified me that the documents would be available for review at the courthouse, but that no decision had yet been made by the Trial Court regarding production. (*See also* Tab 103 below).

11. Steve Coleman attended several depositions in this matter, over Sunset's objection (because he is a fact witness). *See* Tab 12 below.

12. The documents numbered 2-101 and included in this Record on Mandamus are true and correct copies, described as follows:

| TAB | DOCUMENT |
|---|---|
| 2 | Consolidated Order from Judge Sebesta, signed May 5, 2015 |
| 3 | Lease Agreement, dated July 1, 1990, between Sunset Nursing Home, Inc. and Plantation Health Care Center, Inc. for the Clute Facility |
| 4 | Lease Agreement, dated May 1, 1991, between Sunset Nursing Home and Plantation Health Care Center, Inc. for the Lake Jackson Facility |
| 5 | Lease Guaranty Agreement, dated October 19, 1990, between Sunset Nursing Home, Inc. and Donald and Rebecca Grether for the Clute Facility |
| 6 | Lease Guaranty Agreement, dated April 29, 1991, between Sunset Nursing Home, Inc., and Donald and Rebecca Grether for the Lake Jackson Facility |

3

| TAB | DOCUMENT |
|---|---|
| 7 | Sublease Agreement between Plantation Health Care Center, Inc. and Rebecca Ann, Inc., effective January 1, 1994 |
| 8 | RAI's 2010 State Cost Reports for Clute and Lake Jackson facilities |
| 9 | Correspondence, dated October 25, 2010, from Steve Coleman to Kim Richardson re offer by the Grether Family to buy the Lake Jackson Facility |
| 10 | Deposition transcript of Sara Richards, taken on December 19, 2014 |
| 11 | Deposition transcript of Guindal Smith, taken on October 1, 2014 |
| 12 | Deposition transcript of Steve Coleman, taken on November 20, 2014 |
| 13 | Email correspondence, dated February 28, 2011, from Steve Coleman to Kim Richardson re change of ownership |
| 14 | Email correspondence from Fawncyne Worley (then-Administrator, Clute Facility) to Sara Richards re "put the scare in Sunset" |
| 15 | Email correspondence, dated April 4, 2011, from Phillip Wells (Hallmark Medicare services provider to the Grethers) to Kathy Simpson re updated on the Smiths (Sunset) and the Grethers |
| 16 | Email correspondence, dated April 1, 2011, from Steve Coleman to Kim Richardson re not transferring the facility names |
| 17 | RAI letters to terminate vendor contractors, dated March 29, 2011 |
| 18 | CMS Forms 855, signed by RAI, terminating Medicare for (1) Clute and (2) Lake Jackson facilities |
| 19 | Lease Extension Agreements for (1) Clute and (2) Lake Jackson facilities |
| 20 | Email correspondence, dated May 4, 2011, from Dee Ann Toro (State of Texas) to Sunset re Medicare Certification Process |
| 21 | 2010 State Cost Report for Country Village Care, Inc., Angleton, Texas |
| 22 | [BLANK] |

| TAB | DOCUMENT |
|---|---|

23    2011 State Cost Report for Country Village Care, Inc., Angleton, Texas

24    2012 State Cost Report for Country Village Care, Inc., Angleton, Texas

25    2012 Cost Report (Sunset) for the Clute Facility **[CONFIDENTIAL]**

26    2012 Cost Report (Sunset) for the Lake Jackson Facility **[CONFIDENTIAL]**

27    Sunset Nursing Home, Inc.' Second Set of Request for Production, served October 29, 2013

28    Sunset Nursing Home, Inc.'s Motion to Compel Plaintiff's Production of Documents, filed March 14, 2014

29    Plaintiffs' Collective Responses to Defendant, Sunset Nursing Home, Inc.'s Requests for Production, served November 4, 2013

30    Correspondence, dated September 2, 2014, from Felicia Harris to Judge Sebesta re deadlines for an amended DCO

31    Order, signed April 2, 2014

32    Email correspondence, dated April 23, 2014, from Breck Harrison to Felicia Harris re Medicare termination documents [CMS Forms 855,*see also* 18 above]

33    Rebecca Ann, Inc. corporate representative's (Amy Stewart) deposition transcript, taken on May 6, 2014

34    Gayle Jacobs' deposition transcript, taken on July 11, 2014

35    Sunset Nursing Home, Inc.'s (1) Motion for Sanctions, filed August 25, 2014; (2) Supplemental Motion for Sanctions, filed September 15, 2014; and (3) Second Supplemental Motion for Sanctions, filed September 19, 2014

36    Sunset Nursing Home, Inc.'s Motion to Compel Plaintiff and Counter-Defendants' Production of Documents, filed May 21, 2014

37    Order, signed September 30, 2014, re RAI's policies and procedures

| TAB | DOCUMENT |
| --- | --- |

**TAB**                                 **DOCUMENT**

38     Agreed Protective Order, signed November 25, 2013

39     Hearing transcript, March 24, 2015

40     Email correspondence, dated June 19, 2014, from Breck Harrison to Felicia Harris re depositions

41     Fourth Amended Notices of Deposition for Guindal and Jimmy Smith, served on September 25, 2014

42     Plaintiffs' Motion to Quash Deposition of Steve Coleman, filed July 9, 2014

43     Email correspondence, dated October 20, 2014, from Felicia Harris to Breck Harrison re Sara Richards' deposition

44     Notice of Deposition for Sara Richards, served October 20, 2014

45     Motion to Quash Sara Richards Deposition, filed October 23, 2014

46     Amended Notice of Deposition for Sara Richards, served November 10, 2014

47     Plaintiffs' Motion to Compel Mediation, filed on December 5, 2014

48     Sunset Nursing Home, Inc.'s Second Amended Answer, Fifth Amended Counterclaim and 4th Amended Third-Party Petition, dated January 26, 2015

49     Sunset Nursing Home, Inc.'s 2nd Amended Answer, 5th Amended Counterclaim and 4th Amended Third-Party Petition, filed on April 21, 2015

50     Plaintiffs' and Third-Party Defendants' Supplemental Motion to Strike and for Sanctions, dated April 22, 2015

51     Email correspondence, dated December 8, 2014, from Scott Weatherford to Felicia Harris re deadline for amended DCO

52     RAI's Response to Sunset Nursing Home, Inc.'s 6th [7th] Request for Production, served December 3, 2014

| TAB | DOCUMENT |
|-----|----------|

53 Sunset's Subpoena *Duces Tecum* to MDS Research Company, served on February 4, 2015

54 Sunset Nursing Home, Inc.'s Supplemental Combined Motion to Compel, served on January 23, 2014

55 Non-Party Country Village Care, Inc.'s Motion for Protection (Subpoena: MDS Research), filed on February 16, 2015

56 Hearing transcript (re subpoena served on MDS Research Company), dated February 24, 2015

57 Correspondence, dated March 30, 2015, from Scott Weatherford to Judge Sebesta re MDS Research documents for *in camera* inspection

58 Order, signed April 6, 2015, re MDS Research documents for *in camera* inspection

59 Sunset Nursing Home, Inc.'s Motion for Entry of Proposed Docket Control Order, filed March 11, 2014

60 Docket Control Order, signed April 2, 2014

61 Hearing Transcript, June 23, 2014

62 Sunset Nursing Home, Inc.'s Motion to Compel, Supplemental Motion for Amended Docket Control Order and Motion for Continuance, filed August 21, 2014

63 Email correspondence, dated August 27, 2014, between Breck Harrison and Felicia Harris re amended DCO

64 Email correspondence, dated October, 2014, between Felicia Harris to Breck Harrison re amended DCO

65 Email correspondence, dated October 15, 2014, from Scott Weatherford to Felicia Harris re deadlines re deadlines for amended DCO

66 Email string between Felicia Harris and Breck Harrison re amended DCO

67 Email correspondence, dated September 8, 2014, from Court Coordinator

| TAB | DOCUMENT |
|---|---|

to Counsel re deadlines for amended DCO

68   Sunset Nursing Home, Inc.'s (1) No Evidence and Traditional Motion for Partial Summary Judgment, filed February 13, 2015, and (2) Reply in Support of No Evidence and Traditional Motion Partial for Summary Judgment, filed on February 24, 2015

69   Sunset Nursing Home, Inc.'s Second Amended Answer, Fourth Amended Counterclaim and Third Amended Third-Party Petition, filed September 18, 2014

70   Email, dated November 21, 2014, from Breck Harrison to Felicia Harris re depositions

71   Plaintiffs' Motion to Quash Amy Stewart Deposition, filed on January 26, 2015

72   Email correspondence, dated January 19, 2015, from Court Coordinator to Felicia Harris re hearing

73   Plaintiff and Third-Party Defendants' Motion to Strike and for Sanctions, filed February 13, 2015

74   Third-Party Defendant Stephen M. Coleman's Rule 91a Motion to Dismiss, filed March 18, 2015

75   Sunset Nursing Home, Inc.'s Supplemental Opposition to Motion to Strike, filed April 27, 2015

76   Third-Party Defendant Stephen M. Coleman's Notice of Withdrawing Rule 91a Motion to Dismiss, filed on April 22, 2015

77   Paul Heinig Deposition transcript, taken on May 16, 2014

78   Donald Grether Deposition transcript, taken on January 29, 2015

79   Sunset's demand letter, dated February 4, 2013, from Luis Acevedo to Paul Heinig and RAI

80   Plaintiffs' (RAI, et al.) Original Petition, filed on May 23, 2013

| TAB | DOCUMENT |
|-----|----------|

81 Defendant's (Sunset) Answer to Plaintiff's Original Petition and Counterclaim, filed on June 4, 2013

82 Sunset Nursing Home, Inc.'s First Amended Answer, Counterclaim and Third-Party Petition, filed on October 29, 2013

83 Original Answer of Country Village Care, Inc., Grether Health Facilities, LLC, Sara Richards and Amy Stewart, filed on February 23, 2015

84 Correspondence, dated May 4, 2011, from Center for Medicare & Medicaid Services to Amy Stewart

85 Sunset Nursing Home, Inc.'s Motion to Reconsider (Policies and Procedures *in camera* ruling), filed September 17, 2014

86 Affiliation Agreement between Grether Health Care Facilities, LLC and RAI, for the Lake Jackson Facility

87 Affiliation Agreement between Grether Health Care Facilities, LLC and RAI, for the Clute Facility

88 Original Answer of Country Village Care, Inc., Grether Health Care Facilities, LLC, Sara Grether Richards and Amy Grether Stewart, filed February 23, 2015

89 Plaintiffs' and Counter-Defendants' Objections and Responses to Sunset Nursing Home, Inc.'s Fourth Request for Production of Documents, served on June 9, 2014

90 Plaintiff and Counter-Defendant Rebecca Ann, Inc.'s Objections and Responses to Sunset Nursing Home, Inc.'s Eighth [Ninth] Request for Production, served on February 2, 2015

91 Subpoena *Duces Tecum* to Country Village Care, Inc., dated May 1, 2014

92 Correspondence, dated February 12, 2015, from Breck Harrison to Judge Sebesta re appraisal records for *in camera* review

93 Correspondence, dated October 31, 2014, from Felicia Harris to Judge Sebesta re depositions scheduling

| TAB | DOCUMENT |
|-----|----------|

94     Correspondence, dated September 25, 2014, from Felicia Harris to Judge Sebesta attaching Proposed Order on Motions to Compel

95     Correspondence, dated December 10, 2014, from Felicia Harris to Judge Sebesta re Plaintiffs' Motion to Compel Mediation

96     Email correspondence, dated July 17, 2014, from Scott Weatherford to Felicia Harris re *in camera* production of policies and procedures

97     Email correspondence, dated April 13, 2015, from Court Coordinator to Felicia Harris re status of *in* camera review on appraisal and MDS documents

98     Correspondence, dated September 15, 2014, from Breck Harrison to Judge Sebesta re submission of RAI vendor agreements for *in camera* review

99     Email correspondence, dated April 1, 2015, from Court Coordinator to Counsel re Court's unilateral decision to continue trial from April to August 2015

100     Email correspondence, dated April 24, 2015, from Court Coordinator to Counsel re matters taken under advisement and expected ruling on *in camera* documents

101     Third-Party Defendant Stephen M. Coleman's Original Answer and Request for Disclosure, filed February 23, 2015

102     Jackson Walker retention agreement, dated March 18, 2014

103     Email correspondence with Court Coordinator re *in camera* documents, June 2015

104     Correspondence, dated February 17, 2015, from Felicia Harris to Judge Sebesta re *in camera* review of 2010 appraisal documents

105     Sunset's (1) Consolidated Motion to Compel from the Grethers, filed March 17, 2015 and (2) Supplemental Motion to Compel, filed March 19, 2015

FURTHER AFFIANT SAYETH NOT."

SIGNED this 12th day of June , 2015.

_____
Felicia Harris

BEFORE ME, Justine Fjeldal, Notary Public in and for the State of Texas, on this 12th day of June 2015, personally appeared Felicia Harris, known to me to be the person whose name is subscribed to the foregoing instrument and sworn to me that she executed the same, that she has personal knowledge of the facts stated therein, and that said facts are true and correct.

_____
Notary Public in and for the State of Texas

JUSTINE V. FJELDAL
My Commission Expires
August 14, 2018

11